THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 SunTrust
 Mortgage, Inc., Mortgage Electronic Registration Systems, Inc., acting solely
 as a nominee for SunTrust Mortgage, Inc., and SunTrust Bank, Respondents,
 
 
 
 
 

v.

 
 
 
 
 Jonathan H.
 Smith and Nicole M. Smith, aka Nicole Smith, Appellants.
 
 
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2011-UP-225
Submitted May 1, 2011  Filed May 18, 2011    

AFFIRMED

 
 
 
 Christopher Michael Ramsey, of Charleston,
 for Appellants.
 Kirsten E. Small and Suzanne Taylor Graham
 Grigg, both of Greenville, for Respondents.
 
 
 

PER CURIAM:  Jonathan H. Smith and Nicole M. Smith
 appeal the master-in-equity's grant of a foreclosure in favor of SunTrust
 Mortgage, Inc.; Mortgage Electronic Registration Systems, Inc., acting solely
 as a nominee for SunTrust Mortgage; and SunTrust Bank.  On appeal, the Smiths
 argue the master erred in denying a motion for leave to amend an answer and a motion
 for a continuance.  Additionally, they contend the master erred in entering a
 foreclosure judgment against the Smiths based solely on the testimony of a
 SunTrust Bank employee who had no personal knowledge of Smith's account.  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1. As to whether the trial court erred in denying the motion
 for leave to amend and the motion for a continuance:  Berry v. McLeod,
 328 S.C. 435, 450, 492 S.E.2d 794, 802 (Ct. App. 1997) ("Courts have wide latitude in amending pleadings.
 . . . [T]he decision to allow an amendment is within the sound discretion of
 the trial court and will rarely be disturbed on appeal.  The trial [court's]
 finding will not be overturned without an abuse of discretion or unless
 manifest injustice has occurred."); State v. Brown, 389 S.C. 84,
 94, 697 S.E.2d 622, 628 (Ct. App. 2010) ("[T]he trial court's decision to
 deny a motion for continuance is a matter within the trial court's discretion.
 As such, [an appellate] court will not reverse the trial court unless there was
 an abuse of discretion that resulted in prejudice.").  
2. As to whether the
 trial court erred in entering a foreclosure judgment against the Smiths based
 solely on the testimony of a SunTrust Bank employee who had no personal knowledge
 of Smith's account:  Calcutt v. Calcutt, 282 S.C. 565, 569, 320 S.E.2d
 55, 57 (Ct. App. 1984) ("The failure to make a timely and proper objection
 to the introduction of testimony waives the right to object to such testimony
 on appeal.") (citation omitted).    
AFFIRMED.
SHORT,
 KONDUROS, and GEATHERS, JJ., concur.  

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.